## Singer et vir v. Kitty Kelly Market Street Corporation

*Daniel Sherman,* for plaintiffs.
*John B. H. Carter,* for defendant.

ALESSANDRONI, J., November 21, 1952.—Defendant has petitioned for leave to take oral depositions of plaintiff in this action. The reason set forth is that defendant is without means to prepare its case unless it has an opportunity to so examine plaintiff. Plaintiff has filed an answer to the petition.

Pa. R. C. P. 4011 provides:

"No discovery or inspection shall be permitted which

"(c) would disclose facts or the existence or location of tangible things, other than the identity and whereabouts of witnesses, which

"(3) are known to the petitioner, or the means of obtaining knowledge of which he can be reasonably expected to have;"

The complaint alleges that plaintiff, a customer, fell in defendant's store and was injured. The basis for recovery is that the floor was so highly waxed as to be unsafe. Petitioner remains in possession of the store, and therefore has the means of obtaining the knowl-

edge or it can reasonably be expected to have knowledge of its own premises.

The purpose of the discovery rules is to aid the parties in the preparation of their case. They were not adopted to allow trial by deposition. The granting of the above petition would have that result. The limitations set forth in the discovery rules appear to bar the substitution of depositions for trial evidence.

### Order

And now, to wit, November 21, 1952, petitioner's request for leave to take oral depositions is denied.